IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Matthew James Leachman, Petitioner )

v

Tommy B. Thomas, Respondent )

Case no: H 97-1289

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 USC § 2241

COMES NOW THE PETITIONER, Matthew J. Leachman, pro se, and moves this Court to issue a Writ of Habeas Corpus, and in support thereof sets forth the following:

## I. HISTORY

1) On March 13, 1996, petitioner was arrested at his Houston residence pursuant to a Federal Arrest Warrant and was removed to the Western District of Pennsylvania, where he was held without bond, to stand trial on a one-count indictment. Petitioner was acquitted in Federal Court (Cindrich, District Judge) on February 13, 1997.

2) On April 15, 1996, while petitioner was confined in the Western District of Pennsylvania, seven informations were filed in the 248th District Court of Harris County, Texas, charging various violations of Texas law. On July 3, 1996, indictments were returned on each of these charges (720365, 720366, 720367, 720368, 720369, 720372, 720373).

3) Petitioner attempted several actions in the Harris County District Court while incarcerated elsewhere: on June 10, 1996, a request for the appointment of counsel; on September 27, 1996, another request for the appointment of counsel; and on February 18, 1997, a motion for speedy trial, a motion for bond reduction or, in the alternative, authorization to hire an investigator, and a motion to dismiss the charges with prejudice. To all appearances, the court ignored all of these, for no action was taken nor response given.

4) After being released from the custody of the United States Marshal, petitioner was extradited to Harris County, and was remanded to the Harris County Jail on February 26, 1997.

## II. ARGUMENT

1) The respondent, Tommy B. Thomas, is the Harris County Sheriff, and supervises the Harris County Jail. His detention of the petitioner is illegal because the charges against petitioner should have been dismissed pursuant to petitioner's motion thereto.

2) As specified in petitioner's motion, the State failed to appoint counsel for the petitioner upon his original (June 10, 1996) request, in violation of the Sixth Amendment of the Constitution of the United States. This failure required the dismissal of the charges and the concomitant release of the petitioner.

3

3) Petitioner's motion in Harris County District Court contained his legal arguments and citation of authorities. Petitioner does not attempt to repeat these in his petition because it is his understanding that a petition for the Writ should not contain these. Petitioner wishes to assure the Court that upon issuance of the Writ, he is prepared to make these legal points, which rely on the U.S. Constitution, the State Constitution, the State Code of Criminal Procedure, and dozens of case authorities.

4) Petitioner believes that this Court has jurisdiction to grant this petition because State remedies are unavailable. The petitioner has no effective access to State courts.

5) The Harris County District Court has refused to make any sort of response to any of petitioner's motions or requests. Although petitioner has been imprisoned in Harris County for over 45 days, he has not made so much as a single court appearance in court, nor has he seen a judge. Petitioner's court-appointed counsel, who was appointed on March 20, 1997, has been utterly unresponsive to petitioner's urgent demands and questions regarding his motion for dismissal. Because the District Court refuses to respond to petitioner's motions (or even acknowledge his existence), thereby blocking any State remedies, and because a Federal Constitutional right is involved, petitioner believes that this Court is the appropriate forum in which to seek relief.

p. 4

6) It is petitioner's understanding that petitions under 28 USC 2241 are accorded the widest possible latitude in their interpretation as to claims. Petitioner is a layman, untrained in the law, and therefore may have inadvertently omitted some point of law despite his diligence in attempting to fashion his petition in the proper manner. Thus, petitioner begs the Court's indulgence in its deliberation on this petition.

WHEREFORE, petitioner prays this Honorable Court cause a Writ of Habeas Corpus to issue and grant the relief to which he may be entitled.

Respectfully submitted,

Matthew James Leuchman
015 25037    8-D-6
1301 Franklin
Houston, TX 77002

I, Matthew James Leuchman, certify that the foregoing is true and correct to the best of my knowledge under penalty of perjury.

Executed at Houston, Harris County, Texas, on April 12, 1997.